UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-339-FDW

| ANTAUN K. SPENCER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LAWRENCE PARSONS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Production of Documents, (Doc. No. 23), Plaintiff's Motion to Compel Discovery, (Doc. No. 24), Plaintiff's Motion for Sanctions, (Doc. No. 29), and Defendants' motion for Extension of Time to Deem Response Timely Filed, (Doc. No. 31). The Court notes that on March 19, 2014, Plaintiff filed both the pending Motion to Compel Production of Documents, (Doc. No. 23), and Motion to Compel Discovery, (Doc. No. 24). On May 1, 2014, Defendants filed an untimely response to these two motions, stating that Defendants had responded to the discovery requests without objection. (Doc. No. 30). However, on May 8, 2014, Plaintiff filed an additional motion to compel, stating that Defendants has not responded to his discovery requests. On June 28, 2014, Defendants filed a motion for extension of time to address discovery issues. In the motion for extension of time, counsel explained that because of the heavy caseload in counsel's position with the North Carolina Attorney General's office, answers in discovery has been delayed in

numerous cases, including Plaintiff's.[1]  On June 30, 2014, this Court granted Defendants an additional sixty days to respond fully to Plaintiff's discovery requests.

The Court will at this time deny the motions to compel and for discovery filed by Plaintiff on March 19, 2014.  The Court will also deny the motion for sanctions filed by Plaintiff on April 29, 2014.  The Court will, however, reserve ruling on the motion to compel filed by Plaintiff on May 8, 2014, pending resolution of the pending discovery matters.  The Court will address this latest motion to compel by Plaintiff when the Court receives further notice from Defendants regarding any outstanding discovery issues.

**IT IS, THEREFORE ORDERED** that

(1) Plaintiff's Motion to Compel Production of Documents, (Doc. No. 23), Plaintiff's Motion to Compel Discovery, (Doc. No. 24), and Plaintiff's Motion for Sanctions, (Doc. No. 29), are **DENIED**.

(2) Defendants' Motion for Extension of Time to File Response, (Doc. No. 31), is **GRANTED** nunc pro tunc.

---

[1]  The Court recognizes that Plaintiff has not filed a good faith certification in accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure, but the Court is granting Plaintiff some leniency given that he is proceeding pro se and is incarcerated.  Moreover, the Court observes "that the discovery devices of the Rules of Civil Procedure are available to pro se prisoners in § 1983 suits on the same terms as other civil litigants."  Holloway v. Lockhart, 813 F.2d 874 n.3 (8th Cir. 1987).  The Court is troubled by the explanation in defense counsel's brief that, because of "heavy caseload and a perceived lack of resources" in the North Carolina Department of Justice's Public Safety Section, discovery obligations are sometimes delayed or even entirely ignored in cases involving pro se prisoner litigants.  See (Doc. No. 35 at 1).

(3) Within ten (10) days of this Order, Defendants shall notify the Court of the status of the pending discovery requests from Plaintiff to Defendants in this action.

Signed: September 9, 2014

Frank D. Whitney
Chief United States District Judge